Argued September 4; reversed September 10, 1935

NORTHWESTERN ICE & COLD STORAGE CO. *v.*
GALLOWAY ET AL.

(49 P. (2d) 359)

*Maurice W. Seitz,* of Portland, for appellant.

*Willis S. Moore,* Assistant Attorney General, and
*Carl E. Davidson,* of Salem (I. H. Van Winkle, Attorney General, on the brief), for respondents.

KELLY, J. Plaintiff is a corporation organized under the laws of Oregon, with its principal office and place of business in Portland, Multnomah county. Defendants comprise the State Tax Commission.

In May, 1932, plaintiff filed its combined corporation excise tax return and intangible tax return for the fiscal year beginning May 1, 1931, and ending April 30, 1932. In that return plaintiff showed an excise and intangible tax after deducting personal property taxes paid during the fiscal year of $620.98, due the State of Oregon, which was paid.

Thereafter, plaintiff filed an amended return showing an excise and intangible tax for said fiscal year of only $349.41; and plaintiff claimed a refund of $271.57 as an alleged over-payment.

Instead of allowing the refund thus claimed by plaintiff, the State Tax Commission took the position that plaintiff was owing an unpaid balance upon its excise and intangible tax amounting to $231.93.

Pursuant to section 69-1322, Oregon Code 1930, as amended by section 5, chapter 388, Oregon Laws 1933, page 638, plaintiff filed its complaint against said commission in the circuit court of Multnomah county, to review the determination of said commission herein.

The cause was tried in said circuit court upon the admissions made in the pleadings and a written stipulation of facts. The circuit court affirmed the action of said State Tax Commission. From the final order of the circuit court plaintiff has prosecuted this appeal.

The question to be determined is whether plaintiff may offset against its tax upon its net income the amount it paid as tax upon personal property during said fiscal year or should plaintiff be restricted in such offset to the amount of the tax upon its personal property which accrued during said fiscal year.

Plaintiff's claim is reflected in the following statement:

Net income subject to excise tax ........... $33,600.40
Excise tax, 8 percent of net income .... 2,688.03
Offset for personal property tax paid
    during fiscal year ................................. 2,338.62

Net tax ................................................. $   349.41
Over payment ..................................... 271.57

Amount actually paid .............................. $   620.98

The following, in brief, is the State Tax Commission's computation:

Net income subject to excise tax ........... $33,600.41
Excise tax, 8 percent of net income...... 2,688.03
Offset for personal property tax accrued during fiscal year .................... 1,835.12

Net tax ................................................. $   852.91
Balance due and unpaid ...................... 231.93

Amount actually paid .............................. $   620.98

Section 69-1306, Oregon Code 1930 (the same being section 6, Oregon Laws 1929, chapter 427, page 617), contains the following language:

"*  *  * Each corporation mentioned in this section 6 shall be entitled to an offset against said tax [excise tax according to or measured by its net income] in the amount of taxes paid by it upon its personal property located in this state, *  *  * Any corporation, entitled to the offset provided herein, shall attach to its return the official receipts for the personal property taxes which are used as such offset. The offset provided in this section shall not include any personal property taxes due prior to January 1, 1929. *  *  *."

This language was not changed by amendment although the section was amended in 1931 (Oregon

Laws 1931, chapter 273, page 436), also at the regular session in 1933 (Oregon Laws 1933, chapter 448, page 849) and again at the second special session of 1933 (Oregon Laws, Second Special Session, chapter 33, page 100).

Section 69-1308, Oregon Code 1930 (amended in Oregon Laws 1931, chapter 273, and again amended in Oregon Laws, Second Special Session, 1933, chapter 33), prescribes certain deductions which may be made in computing net income. Among these deductions certain taxes are listed in subdivision (c) thereof, which subdivision is as follows:

"(c) Except as otherwise provided in this act, taxes paid or accrued during the taxable year, other than taxes paid to the state under this act, and other than taxes on income or profits paid or accrued within the taxable year imposed by (1) the United States, (2) any foreign country (3) any state or territory or taxing subdivision thereof and other than taxes assessed against local benefits of a kind tending to increase the value of the property assessed, and other than property taxes, on account of which an offset for credit is allowed by section 6 of this act."

It is obvious that there is a clear distinction between the meaning of the word "offset" as used in the statute under consideration and the word "deduction": Vol. 3, Law of Federal Income Taxation (Paul and Mertens) Sec. 31.01, pages 534, 535.

Subdivision (i) of section 69-1302, Oregon Code 1930 (which section has been amended by Oregon Laws 1931, chapter 273, Oregon Laws 1933, chapter 388, and Oregon Laws, Second Special Session 1933, chapter 33; but subdivision (i) thereof remains unchanged), is as follows:

"(i) The word 'paid', as herein used, for the purpose of deductions under this act, means 'accrued or

paid', or 'incurred or paid', and the words 'accrued or paid', 'incurred or paid' and 'incurred' shall be construed according to the method of accounting upon the basis of which the net income is computed under this act.''

■ Defendants argue that subdivision (i), above quoted, controls not only deductions but offsets as well. We can not concur in this view. By its express terms, this subdivision defines the word "paid" for the purpose of deductions. By its express terms, it excludes the tax referred to as an offset from the category of deductions.

If said subdivision (i) be made applicable to an offset because of personal property tax, or, pursuant to said section 69-1306, supra, the provision becomes meaningless in said last-mentioned section, which requires official receipts for the personal property taxes used as such offset to be attached to the taxpayer's return.

We find nothing in article 37 of the regulations of the State Tax Commission as set forth on pages 3, 4 and 5 of defendants' brief which is inconsistent with the foregoing construction of the statute. That regulation does not refer to the matter of offsets for personal property tax, but is confined to deductions from gross income in determining net income.

■ If the part of the commission's regulations appearing on page 35 of defendants' brief herein be construed to limit the privilege of offset for personal property tax which has been paid to that which has accrued since January 1, 1929, such regulation is consistent with the statute; and we so construe it. If it is an attempt, however, to declare that mere accrual, as distinguished from payment, of such tax entitles it to be used as an offset for credit against an excise tax, we hold it to be

in contravention of the plain and unambiguous provision of the statute and, therefore, not effective.

It is suggested by defendants that to require the payment of a personal property tax as a condition precedent to its application, as an offset to or a credit against the amount which would otherwise be payable as an excise tax, involves the infliction of a penalty for failure to pay personal property taxes before excise taxes are paid. It is true such a requirement withholds a privilege, namely, the privilege of offsetting the amount of the personal property tax which has not been paid as a credit upon the excise tax, but no penalty is involved.

No such privilege existed prior to the enactment of the act of 1929 containing section 69-1306, supra; hence, there could be no withdrawal thereof by reason of such enactment.

We find no ambiguity in the language of said section 69-1306, supra. By following its plain mandate, all taxpayers, subject to the provisions of the act, are placed upon a plane of equality. Those, who are merely listed upon the tax roll, but who are not taxpayers in the sense that they have not paid their taxes, are not able to claim an offset because of a tax that they have not paid. All those who have paid said personal property tax may claim the same as an offset.

The provision requiring official receipts to be attached may easily be followed in case of the loss of the taxpayers' copy thereof by attaching an officially authenticated copy of the record or other satisfactory proof of payment.

An examination of the Federal Income Tax Act discloses that credit may be had for certain other taxes "paid or accrued": Vol. 48, U. S. Stats. at Large, part 1, Public Laws, pages 718, 719. This express provi-

sion giving an option to so apply either "paid or accrued" taxes distinguishes the federal act from our statute and renders the cases construing the federal act inapplicable to the instant case.

Defendants contend that it is obvious that the Oregon statute under consideration was adopted from the federal act. We think not. If the legislative assembly of Oregon had the provision of the federal law in mind at all concerning credits for other taxes paid or accrued, the conclusion is inescapable that in enacting the Oregon law it intentionally limited and restricted such offset to taxes paid; and deliberately omitted the words "or accrued" which appear in the federal act.

There are reasons of sound public policy why such offset should be limited to taxes which have been paid. One such reason is that it encourages prompt payment of personal property taxes. Another is that it prevents duplication of credit by one owner of such personal property claiming such offset when such tax has accrued, which, defendants contend, occurs upon the first Monday of March, and by a succeeding owner of the same personal property claiming an offset when such succeeding owner pays such tax.

Moreover, we should bear in mind that an offset reduces the amount which would otherwise be paid, not simply an accrued amount. Under the statute, as we construe it, in all cases the offset consists of a payment credited upon a payment. Defendants' construction of the statute would enable a taxpayer to credit a mere accrual of the personal property tax against a payment of the excise tax.

The statute is plain and unambiguous. If it needs to be amended that duty lies with the legislature.

The decree of the lower court is reversed and this cause is remanded with instructions that a decree be entered directing defendants, as the State Tax Commission, to allow a refund to the above named plaintiff in the sum of $271.57 from the excise tax paid by it in May, 1932; and to cancel the order of said tax commission imposing an additional excise tax for said year against plaintiff.

It is further ordered that plaintiff recover its costs and disbursements in the trial court and in this court.

ROSSMAN, J., not sitting.